IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **JAMES SPEARS,** | : | Case No. 2:12-CV-0725 |
| | : | |
| Plaintiff, | : | **JUDGE ALGENON L. MARBLEY** |
| | : | |
| v. | : | |
| | : | Magistrate Judge Terence Kemp |
| **COMMISSIONER OF** | : | |
| **SOCIAL SECURITY,** | : | |
| | : | |
| Defendant. | : | |

## OPINION AND ORDER

Plaintiff, James Spears, brings this action seeking review of a final decision of the Commissioner of Social Security ("Commissioner") denying his application for Social Security Disability Benefits and Supplemental Security Income. This matter is before the Court for consideration of Plaintiff's Objections (Doc. 15) to United States Magistrate Judge Terence J. Kemp's Report and Recommendation (Doc. 12), recommending that the Court affirm the decision of the Commissioner. For the reasons stated below, the Court **OVERRULES** Plaintiff's Objections, **ADOPTS** the Magistrate Judge's Report and Recommendation, and **AFFIRMS** the Commissioner's decision.

## I. BACKGROUND

Plaintiff Spears filed an application for social security disability insurance benefits alleging disability since May 18, 2007 due primarily to cardiac impairments.[1] The record reflects that Drs. Nichols, Gahman, Albert, Handel, and Baig evaluated Plaintiff's medical condition. Drs. Nichols, Gahman, and Albert concluded that Plaintiff's medical conditions prevented him from returning to work as a commercial driver, but he nonetheless could do light work with a

---

[1] The May 20, 2013 Report and Recommendation contains a detailed summary of the administrative testimony and medical evidence in this case. (*See* Report & Recommendation, Doc. 12, at 1-5.)

1

restriction on heights, hazardous machinery, and no commercial driving. In contrast, Dr. Handel, Plaintiff's cardiologist, stated that Plaintiff "is not able to continue gainful employment due to continued symptoms and his need to rest at least [one-half] hour for every two hours of physical activity." Plaintiff was referred to Dr. Baig by Dr. Handel for consultation on a number of occasions. (*Report & Recommendation*, Doc. 12, at 2-3.)

On August 11, 2010, the Administrative Law Judge (ALJ) issued a decision finding that Plaintiff was not disabled. On June 13, 2012, the Appeals Council denied review of this decision. In his Statement of Errors, Plaintiff asserted that the ALJ erred in failing to accord proper weight to the opinions of the treating specialists, and that the ALJ did not properly evaluate his subjective complaints of pain given his documented heart condition.

On May 20, 2013, the Magistrate Judge recommended that the Court affirm the decision of the Commissioner. The Magistrate Judge concluded that substantial evidence supported the ALJ's weighing of the medical evidence; that the ALJ did not err by not giving full weight to the views of Dr. Handel and Plaintiff; and that substantial evidence supported the ALJ's credibility finding. Plaintiff reiterates the arguments made in his Statement of Errors in his Objections to the Magistrate Judge's Report and Recommendation.

## II. STANDARD OF REVIEW

If a party objects within the allotted time to a report and recommendation, the Court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed.R.Civ.P. 72(b). Upon review, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

The Court's review "is limited to determining whether the Commissioner's decision 'is supported by substantial evidence and was made pursuant to proper legal standards.'" *Ealy v.*

2

*Comm'r of Soc. Sec.*, 594 F.3d 504, 512 (6th Cir. 2010) (quoting *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007)); *see also* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive."). "Substantial evidence exists when 'a reasonable mind might accept the evidence as adequate to support a conclusion [and] … presupposes that there is a zone of choice within which the decision-makers can go either way, without inference by the courts.'" *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009) (internal citation omitted). Even if supported by substantial evidence, however, "'a decision of the Commissioner will not be upheld where the [Commissioner] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right.'" *Rubbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009) (quoting *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007)).

### III. ANALYSIS

Within his brief objections, Plaintiff maintains that the ALJ failed to give appropriate weight to the opinions of Plaintiff's treating cardiologist, Dr. Handel, and treating electrophysiologist, Dr. Baig.  Plaintiff contends that Dr. Handel's opinion is not inconsistent with the weight of the evidence and should have been given controlling weight.  Plaintiff emphasizes that Dr. Handel and Dr. Baig are specialists who have treated Plaintiff on multiple occasions. Plaintiff contends that they are therefore in the best position to compare Plaintiff's complaints of pain with the medical record. Plaintiff also contends that the ALJ failed to consider properly Plaintiff's pain complaints in light of his documented heart condition.

Having performed a *de novo* review pursuant to 28 U.S.C. § 636(b), Plaintiff's objections are **OVERRULED**. The Report and Recommendation addressed these issues and the Court agrees with, and adopts, the Magistrate Judge's reasoning.

3

In addressing Plaintiff's first assignment of error, the Magistrate Judge analyzed the appropriateness of the weight the ALJ assigned to the opinions of Plaintiff's treating specialists as follows:

> As to plaintiff's first assignment of error, here, the ALJ explained his decision to give little weight to Dr. Handel's report about plaintiff's need to rest for one-half hour during every two hours of exertion in this fashion:
>
>> The May 21, 2008 opinion by Dr. Handel that the claimant was not a candidate for rehabilitation or employment due to this marked disabilities and low ejection fraction (Exhibit 10F), is entitled to very little weight. Ordinarily, treating source opinions are to be given controlling weight if well supported by medically acceptable clinical and laboratory diagnostic techniques and not inconsistent with the other substantial evidence. . . . The physical residual functional capacity assessed by Dr. Handel is not only inconsistent with the overall objective medical evidence, including the doctors (sic) previous examinations and treatment notes, it is inconsistent with his examination and assessment performed on the same day his opinion was made. . . . It appears that the doctor relied quite heavily on the subjective reports of symptoms and limitations reported by the claimant and seemingly accepted uncritically as true most, if not all, of what the claimant reported. Given the foregoing, the residual functional capacity assessed by Dr. Handel is not an accurate representation of the claimant's physical residual functional capacity status, it is therefore entitled to little weight.
>>
>> Further, a November 21, 2008 office visit note shows that even though having "done well from a cardiac standpoint" the claimant's denial of any "chest pain, palpitations, syncope or transient ischemic attacks," the claimant continued to rest at least thirty minutes every two hours when he does any physical activity because of marked fatigue" (Exhibit 16F). Despite argument by the claimant's attorney at the hearing that Dr. Handel's notes was (sic) the equivalent of a medical source statement of prescribed limitations, the undersigned finds that his notes were merely a recitation of the claimant's stated symptoms and his own response to those symptoms.

(*Report & Recommendation*, Doc. 12, at 7-8.) Plaintiff contends that the objective evidence "clearly indicates that Mr. Spears is only able to perform sedentary work at best." (*Objection*, Doc. 15, at 5.) The Magistrate Judge specifically addressed this argument in his Report and Recommendation, and found that substantial evidence supported the ALJ's rejection of the treating specialists' opinions as follows:

> Plaintiff does not appear to be arguing that the rationale provided by the ALJ does not meet the articulation requirement explained in cases such as *Wilson* and *Rogers v. Comm'r of Social Security*, 486 F.3d 234, 242 (6th Cir. 2007), but rather that the reasons given by the ALJ for according only slight weight to Dr. Handel's (and also Dr. Baig's) opinions are not supported by the record. More specifically, plaintiff contends that Dr. Handel's opinion, rather than being inconsistent with his own treatment notes and the overall medical record, is "very much supported by the objective medical findings …." Plaintiff's Statement of Errors, Doc. 8, at 8. He cites to the multiple tests showing an ejection fraction of less than 35%, the fact that testing reported by Dr. Handel on May 20, 2010 showed severe hypokinesis of multiple segments of plaintiff's heart muscle, and the fact that both Dr. Handel and Dr. Baig rated plaintiff's condition as either functional class II or functional class III of the New York Heart Association.

> Taking this last statement first, the record before the Court does not appear to explain what such a rating means. However, to the extent that the Court may take judicial notice with regard to that matter from the American Heart Association's website (www.heart.org), Class II functional capacity describes "[p]atients with cardiac disease resulting in slight limitation of physical activity. They are comfortable at rest. Ordinary physical activity results in fatigue, palpitation, dyspnea or angina pain," and Class III describes "Patients with cardiac disease resulting in marked limitation of physical activity. They are comfortable at rest. Less than ordinary activity causes fatigue, palpitation, dyspnea or anginal pain." It appears to be plaintiff's argument that even if his degree of functionality is Class II, which involves, by definition, only "slight" limitation of physical activities, he would be limited to sedentary work, and would therefore be considered disabled.

> One major problem with this argument is that neither Dr. Baig nor Dr. Handel ever equated this classification with the ability or inability to perform any specific work activity. It is somewhat of a stretch to conclude that someone who becomes fatigued to some unknown degree when doing any activity other than resting cannot do even a limited range of light work, as opposed to being capable of only sedentary work, and the record does not compel such a finding on the ALJ's part.

5

> In other words, the ALJ did not have to treat the bald statement by either doctor that plaintiff's condition was Class II or Class II-III as an opinion of disability or an opinion of limitation to solely sedentary work without a physician specifically saying so. *Cf. Ray v. Sun Life & Health Ins. Co.*, 752 F. Supp. 2d 1229 (N.D. Ala. 2010) (physician equated Class I or II functionality with being able to perform a range of light work). That means that there is no opinion from Dr. Baig that would translate into functional limitations consistent with only light work, and that the only statements from Dr. Handel which the ALJ might have had to construe as treating source opinions inconsistent with light work were the two statements he made about how much rest plaintiff needed while performing physical activity.
>
> Taking those statements in reverse order, the second of them, found in Dr. Handel's report of November 21, 2008, reads in full as follows: "He still continues to rest a (sic) least [one-half] hour every 2 hours when he does any physical activity because of marked fatigue." The ALJ refused to consider this statement as an opinion from a treating source as to work-related limitations because it merely recited what plaintiff reported, as opposed to what Dr. Handel thought was the impact of plaintiff's heart condition. A reasonable person could reach this conclusion. The statement is clearly descriptive, and it must have been based on plaintiff's own self-report, because there is nothing in the notes to indicate that Dr. Handel actually observed plaintiff engaging in physical activity for any length of time. However, it is also duplicative of the statement in the earlier notes, which the ALJ did treat as an opinion, so any error in the way the ALJ characterized this statement is harmless.

(*Report & Recommendation*, Doc. 12, at 9-11.). In addition, substantial evidence supports the ALJ's credibility decision, further bolstering his rejection of Dr. Handel's opinion. The Magistrate Judge analyzed the appropriateness of the weight the ALJ gave to Plaintiff's pain complaints regarding his heart condition as follows:

> Here, the ALJ concluded that plaintiff's reports of disabling symptoms could not be accepted in full because, first, plaintiff's doctors had advised him to exercise, and it was he who made the decision not to do so. Second, he identified a variety of daily activities which were not completely consistent with the inability to do any physical activities. Third, there are a number of medical records indicating that he was doing well and did not have symptoms of shortness of breath or fatigue. Fourth, he was able, at one point, to exercise on a treadmill to a fairly

> substantial degree. These are all the kinds of factors which the ALJ is both entitled to and required to consider, and they all find some support in the record. Plaintiff argues, however, that he should have been considered to be fully credible because he had sought medical treatment for his heart condition beginning in 1992 and that he consistently made efforts to obtain relief from his symptoms. He asserts that the ALJ simply ignored this portion of the evidence. Other than that specific argument, however, his memorandum merely repeats the testimony he gave at the hearing without stating why the ALJ erred in not accepting it in full. *See* Plaintiff's Statement of Errors, Doc. 8, at 13.
>
> It is true that plaintiff has an extensive longitudinal history of treatment for his heart condition. Much of that history, however, predates his alleged onset of disability date. After he stopped working, the major issue for which he sought treatment was his arrhythmia, and the records show that the defibrillator largely corrected that problem. Even Dr. Handel's notes show that he was following up with plaintiff to determine the functioning of the defibrillator in addition to rendering treatment – and there was not much available treatment – for the continued effects of plaintiff's 1992 heart attack. In short, this history of seeking treatment is not so compelling as to undermine the ALJ's credibility determination, which, as the Court has found, followed a correct analytical path and also relied on evidence which a reasonable person could have construed as a basis for discounting plaintiff's testimony to some extent.

(*Report & Recommendation*, Doc. 12, at 12-14.)

The Court agrees with the Magistrate Judge's analysis and conclusions regarding the ALJ's assignment of weight to Dr. Handel's and Dr. Baig's opinions. In addition, the Court rejects Plaintiff's assertion that the ALJ erroneously failed to consider Plaintiff's pain complaints in light of his documented heart condition. The Court agrees with the Magistrate Judge and the ALJ that these medical sources appeared to be heavily reliant on Plaintiff's subjective complaints in reaching their opinions. Moreover, based on the entire record, substantial evidence supports the ALJ's determination that Plaintiff's statement and testimony were not fully credible.

In overruling Plaintiff's Objections the Court stresses the standard it must apply in this context; the standard is one of substantial evidence. The Court's review "is limited to determining whether the Commissioner's decision is supported by substantial evidence and was

7

made pursuant to proper legal standards." *Ealy*, 594 F.3d at 512 (citation omitted). Plaintiff provides some reasons why the ALJ might have decided to more heavily weigh Dr. Handel's and Dr. Baig's opinions. Nevertheless, the Court may not disturb the Commissioner's decision simply because a different conclusion was possible. *Lindsley v. Comm'r of Soc. Sec.*, 560 F.3d 601, 604-605 (6th Cir. 2009). Here, for the reasons the Magistrate Judge outlined, the Court concludes that, at the very least, the ALJ's decision was reasonably supported by the record evidence.

Accordingly, Plaintiff's objections to the Report and Recommendation are not well-taken and are **OVERRULED**.

## IV. CONCLUSION

Upon *de novo* review in accordance with the provisions of 28 U.S.C. § 636(b)(1)(B), the Court **ADOPTS** the Report and Recommendation. Accordingly, the Court **OVERRULES** Plaintiff's Objections. (Doc. 15.) The decision of the Commissioner is **AFFIRMED**. The Clerk of Court is **DIRECTED** to enter **JUDGMENT** for Defendant. This action is hereby **DISMISSED**.

**IT IS SO ORDERED.**

                                                s/Algenon L. Marbley_____
                                                **ALGENON L. MARBLEY**
                                                **UNITED STATES DISTRICT JUDGE**

**DATE: September 11, 2013**